In re KANE'S ESTATE.

(Surrogate's Court, New York County. January 17, 1916.)

DOMICILE ⬅➡8—DECEDENT—DOMICILE OF ORIGIN.

Decedent, who was born and resided in Rhode Island until 1873, then married, and until 1900 lived at his wife's family domicile in New York, and in that year, when his house was sold, purchased a family residence in Newport, where he lived and voted, and where, in 1906, he became an alderman. In 1909, when an invalid, he removed to New York for treatment, and was unable to return, and died there in 1915, during which time he paid taxes on his furnished house in Newport. In his will he described himself as a resident of Newport. *Held*, that there was no evidence to overcome the presumption that his domicile of origin continued, so that his last domicile was in Rhode Island.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 36, 37; Dec. Dig. ⬅➡8.]

In the matter of the estate of De Lancey A. Kane. Certified from transfer tax appraiser for surrogate's adjudication as to decedent's last domicile. Last domicile adjudicated to have been Rhode Island.

Cadwalader, Wickersham & Taft, of New York City (Francis Smyth, of New York City, of counsel), for executors.

Eldred E. Jacobsen, of New York City, for State Comptroller.

FOWLER, S. This matter has, by stipulation, been certified to the surrogate from the transfer tax appraiser for the purpose of obtaining the surrogate's adjudication of the decedent's last domicile. The evidence submitted discloses that Mr. Kane's domicile of origin was Rhode Island, where he resided until 1873. In 1873 he married a lady apparently domiciled in this state, and for some time thereafter, and until the year 1900, he lived at the place of her family domicile, New Rochelle, N. Y. In 1900 Mr. Kane's house at New Rochelle was sold, and another family residence was then acquired at Newport, R. I., Mr. Kane's domicile of origin. For many years thereafter Mr. Kane lived and voted in Newport, R. I., where in or about 1906 he was made a city alderman by popular election. While he was in good health Mr. Kane continued to live in Rhode Island. In his last will he described himself as a resident of Newport in that state. In 1909, being then an invalid, Mr. Kane was removed to New Rochelle, presumably for treatment, and thereafter his health was such that he was in no condition to be removed to his home in Newport. He consequently remained at New Rochelle until his death, which occurred April 4, 1915.

This was, doubtless, a long absence from home, but during all the time of such absence from Newport it appears that Mr. Kane was assessed and paid his taxes on his personal estate as a resident of Newport, R. I. His mansion house in Newport was kept always ready furnished for his immediate occupancy in case, at any time, he should be able to return home. Had this condition transpired, there would have been no question that Mr. Kane's last domicile was Rhode Island. But the fact that an invalid gentleman is not able to return to his place of residence for a long time does not per se negative an estab-

lished domicile of origin and choice. A domicile, once acquired and demonstrated, is always presumed to continue, in the absence of positive proof to the contrary. There is here no adequate proof to the contrary. Mere absence from home is not sufficient proof of a change of domicile. There is no evidence of any kind on the part of Mr. Kane that he had exchanged his domicile of origin and choice.

I therefore find from the evidence that Mr. Kane's last domicile was in Rhode Island, and not in this state. Settle order on notice, remitting the report to the appraiser for further proceedings pursuant to this judgment.